KEVIN G. CLARKSON
ATTORNEY GENERAL

Mark Cucci (Alaska Bar No. 0311047)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Facsimile: (907) 258-0760
Email: mark.cucci@alaska.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUTHER VON SCHNEIDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRACY BALDWIN, )<br>)<br>Defendant. ) | Case No. 3:18-cv-00060-TMB |

**SCHEDULING AND PLANNING CONFERENCE REPORT**

**I.    Meeting.**

In accordance with Rules 16(a) and 26(f), Federal Rules of Civil Procedure, and

with Local Civil Rules 16.1 and 26.1(b), the parties conferred on September 30, 2019; the

following persons participated: Luther Schneider, pro se and AAG Mark Cucci for

defendant. The parties recommend the following:

II.     **Discovery Plan.**

    A.     **Timing, Form and Disclosure Requirements**. Please refer to

    Rule 26(f)(3)(A), Federal Rules of Civil Procedure.    Are there changes that

    the parties are proposing to that rule for this case under Rule 26(a)?

    Yes ___    No _X_    *[If yes, list proposed changes: ]*

    B.     **Initial Disclosures / Preliminary Witness Lists.**

        1.     The information required by Rule 26(a)(1), Federal Rules of Civil

        Procedure:

        (a)   ___   Has been exchanged by the parties.

        (b)   _X_   Will be exchanged by the parties on or before: October 30,

        2019.

        2.     Preliminary witness lists:

        (a)   ___   Have been exchanged by the parties.

        (b)   _X_   Will be exchanged by the parties within 30 days of initial

        disclosures.

        3.     Disclosure Statement.    The disclosure requirements of Rule 7.1, Federal

        Rules of Civil Procedure:

        (a)   ___   Have been complied with.

        (b)   ___   Compliance will be accomplished on or before *[date]*.

        (c)   _X_   Rule 7.1 is not applicable.

*Schneider v. Baldwin*                           Case No. 3:18-cv-00060-TMB

**C.  Subjects and Timing of Discovery**.  *See* Rule 26(f)(3)(B), Federal Rules of Civil Procedure.

1. List the subjects on which discovery may be needed: Liability and damages.

2. Should discovery be conducted in phases or limited to or focused on particular issues?   Yes ___   No _X_   *[If yes, please describe the proposed phases or limitations: ]*

3. Absent good cause, the proposed <u>date for completion of all discovery</u> should be no later than **twelve months** from the date of this report.   *[If one or both parties contend that good cause exists for additional time for discovery, please explain: ]* September 1, 2020

4. **Final Discovery Witness List.**   A final discovery witness list disclosing all lay witnesses whom a party may wish to call at trial shall be served and filed on July 15, 2020 *[this date must be not less than 45 days prior to the close of fact discovery]*.[1]

5. **Close of Fact Discovery.**   Fact discovery will be completed on or before September 1, 2020 *[see paragraph C.3 above].*

---

[1]     Each party shall make a good faith attempt to list only those lay witnesses that the party reasonably believes will testify at trial.

6. **Expert Discovery**. *See* Rule 26(a)(2), Federal Rules of Civil Procedure.

    (a) Expert witnesses shall be identified by each party on or before February 1, 2020, and each party may identify responsive supplemental expert witnesses within 14 days thereafter.

    (b) Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

        (i) By all parties on or before June 1, 2020; <u>or</u>

        By plaintiff(s) on or before *[date],* and by defendant(s) on or before *[date]*;

        (ii) Rebuttal reports on or before 30 days from the service of the report being rebutted.

    (c) Expert witness discovery (include depositions) shall be completed by: August 1, 2020 *[see paragraph C.3 above].*

**D. Preserving Discovery and Electronically Stored Information (ESI)**

1. Are there issues about the disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced? *See* Rule 26(f)(3)(C), Federal Rules of Civil Procedure.

    Yes ___ No <u>X</u> *[If yes, please identify the issue(s): ]*

2. Please state how ESI should be produced: If applicable, will be produced in paper format.

3. Are there issues with preserving non-ESI discovery?

Yes ___ No _X_ *[If yes, please identify the issue(s): ]*

**E. Claims of Privilege or Protection of Attorney Work Product** *See* Rule 26(f)(3)(D), Federal Rules of Civil Procedure.

1. ___ There is no indication that this will be an issue.

2. ___ The parties have entered into a confidentiality agreement.

3. _X_ The parties will file their proposed confidentiality agreement on or before: October 1, 2020.

**F. Limitations on Discovery.** *See* Rule 26(f)(3)(E), Federal Rules of Civil Procedure.

1. _X_ The limitations contained in Rules 26(b), 30, and 33, Federal Rules of Civil Procedure, and in Local Civil Rules 30.1 and 36.1, will apply except as indicated below.

2. ___ The maximum number of depositions by each party will not exceed *[number]*.

(a) ___ Depositions will not exceed *[number]* hours as to any deponent.

(b) ___ Depositions will not exceed *[number]* hours as to non-party deponents.

(c) ___ Depositions will not exceed *[number]* hours as to party deponents.

3. ___ The maximum number of interrogatories posed by each party will not exceed *[number]*.

4. ___ The maximum number of requests for admissions posed by each party will not exceed *[number]*.

5. ___ Other limitations: *[insert other limitations]*.

**G.** **Supplementation of Disclosures and Discovery Responses.** Please refer to Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure. Do the parties request that the Court enter an order that is different from these rules (*e.g.* supplementation at 30-day intervals)?

Yes ___ No _X_ *[If yes, explain: ]*

## III. Pretrial Motions.

**A.** Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days?

Yes ___ No _X_ *[If yes, explain: ]*

**B.** Motions must be served and filed within the times specified in applicable rules. Complete the following only if the parties are proposing deadline(s) that are different from the applicable rules:

1. Motions to amend pleadings or add parties will be filed not later than *[date]*. Thereafter, a party must seek leave of the Court to modify this deadline. *See* Rule 16(b)(3)(A) and (4), Federal Rules of Civil Procedure.

2. Motions under the discovery rules will be filed not later than *[date]*.

3. Dispositive motions (including motions for summary judgment) will be filed not later than *[date]*.

4. Motions to exclude expert testimony shall be filed and served not later than *[date]*.

## IV. Trial.

**A**. The case is expected to take 5 days to try.

**B**. Has a jury trial been demanded?   Yes ___   No  X 

**C**. Is the right to jury trial disputed?   Yes ___   No  X 

**D**. The parties  ___ do /  X  do not request the scheduling of a trial date at this time.[2]

1. If a trial date is requested at this time, the parties' report shall include a minimum of three alternative dates for the start of the trial, at least two of which are 5 to 7 months from the close of all discovery.

2. If a trial date is not established at this time, the court will call upon the parties to certify that the case is ready for trial as provided in Local Civil Rule 40.1(b).

---

[2] The decision of whether to establish a trial date at this stage of the proceedings rests with the discretion of the assigned judge. Counsel and self-represented parties are advised to contact the assigned judge's Data Quality Analyst (DQA) to determine the judge's practice for establishing a trial date.

*Schneider v. Baldwin*
Scheduling and Planning Conference Report

V. **Other Provisions.**

    **A.** **Court Conference.** The parties ___ do / _X_ do not request a conference with the court before entry of a scheduling order. *[If requested, explain: ]*

    **B.** **Consent to Proceed before a Magistrate Judge.**

        The parties ___ do / _X_ do not consent to trial before a magistrate judge.

    **C.** **Early Settlement / Alternative Dispute Resolution.**

        1. Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?

        Yes ___ No _X_ *[If yes, explain: ]*

        2. Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?

        Yes ___ No _X_

    **D.** **Related Cases.** Are the parties aware of any related cases as defined by Local Civil Rule 16.1(e)? Yes ___ No _X_ *[If yes, describe: ]*

VI. **Report Form.**

    **A.** Have the parties experienced a problem in using this form?

        Yes ___ No _X_ *[If yes, explain: ]*

    **B.** Are there additional subjects that the parties would propose to add to this form? Yes ___ No _X_ *[If yes, explain: ]*

DATED: September ___, 2019.

KEVIN G. CLARKSON
ATTORNEY GENERAL

By:    /s/Mark Cucci
       Mark Cucci
       Assistant Attorney General
       Alaska Bar No. 0311047
       Department of Law
       1031 West Fourth Avenue, Suite 200
       Anchorage, AK 99501
       Phone:   (907) 269-5190
       Facsimile:   (907) 258-0760
       Email:   mark.cucci@alaska.gov
       Attorney for Defendant


Certificate of Service
I certify that on September 30, 2019 the foregoing **Scheduling and Planning Conference Report** was served USPS mail on:

Luther Schneider
3104 W. 34th Avenue, Apt 7
Anchorage, AK   99517

/s/Cassidy R. White
Cassidy R. White, Law Office Assistant II