IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUTHER SCHNEIDER,<br><br>            Plaintiff,<br><br>vs.<br><br>TRACY BALDWIN,<br><br>            Defendant. | Case No. 3:18-cv-00060-JMK<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

Before the Court is Defendant Tracy Baldwin's Motion to Dismiss for Lack of Prosecution, filed on May 26, 2021.[1] This Court sent pro se Plaintiff Luther Schneider a warning notice on June 1, 2021, advising him of the deadline to respond to the Motion to Dismiss and of the consequences that "judgment may be entered in Defendant's favor, without further opportunity for Plaintiff to respond or oppose."[2] Plaintiff did not respond.

Federal Rule of Civil Procedure 41(b) governs involuntary dismissal of an action by the Court. The Alaska District's Local Civil Rule 41.1 requires the Court to issue an order to show cause why the action should not be dismissed. After Mr. Schneider failed to appear at a status hearing on May 3, 2021, it appeared that neither the Court nor

---

[1] Docket 47.
[2] Docket 49 at 5.

Defendant had received any contact from Mr. Schneider for fifteen months, despite efforts to reach him. This Court issued an Order to Show Cause pursuant to Local Civil Rule 41.1 on May 4, 2021.[3] The Order to Show Cause cautioned, "[f]ailure to respond to this order by the deadline may result in the immediate dismissal with prejudice of this lawsuit, which would end the case."[4] Mr. Schneider did not respond to the Order to Show Cause. Given his non-appearance for well over a year, the Court is persuaded to dismiss this case for failure to prosecute.

> When a court dismisses a case involuntarily, the Ninth Circuit requires
>
> the district court to weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.[5]

However, specific findings as to each of these factors are not required.[6] The Court nevertheless reviews the timeline of this litigation in making its assessment whether case dismissal is warranted.

In this case, Mr. Schneider filed his complaint on March 1, 2018. Throughout 2018 and 2019, Mr. Schneider filed various documents and motions with the Court after his case was initially screened.[7] In May 2019 and in September 2019,

---

[3] Docket 46.
[4] *Id*.
[5] *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (cited in *In re Day*, 76 F.3d 385 (9th Cir. 1996) (other citations omitted)).
[6] *Id*.
[7] *See* Dockets 6; 8; 10; 12; 14; 15; 16; 18; 24; 29; 30; 31; 32; 33.

Mr. Schneider filed a notice of change of address.[8] Mr. Schneider conferred with counsel for Defendant on September 30, 2019.[9] Counsel for Defendant declares that he has had no contact from Mr. Schneider since Fall 2019, and that mail to Mr. Schneider has been returned undeliverable as recently as November 2020.[10] Mr. Schneider's last correspondence with the Court was an Amended Complaint he filed on January 27, 2020.[11] Since then, the Court and the community have navigated changes to judicial proceedings due to the Covid-19 pandemic. A stay was imposed in this case (and all civil proceedings) from May 8, 2020, to June 1, 2021, in response to the pandemic.[12] However, the Court cannot ascertain to what extent, if any, the pandemic has affected Mr. Schneider's ability to prosecute this action because he has not communicated with this Court since before the pandemic began.

Court and opposing counsel attempted to contact Mr. Schneider in late 2020, when Defendant filed a motion to continue remaining pretrial dates. Mr. Schneider did not respond, and that motion was granted. In March 2021, the Court issued an order regarding certification of readiness for trial that required a status update by March 23, 2021. Mr. Schneider did not respond. The next day, the Court calendared a telephonic status conference for May 3, 2021,[13] and mailed notice to Plaintiff. Mr. Schneider did not appear.

---

[8] Dockets 14 (providing a new phone number at the same address); 24 (providing a new mailing address, apparently in the same apartment building as only the unit number changed).
[9] Docket 25 at 1.
[10] Docket 48 at 1, 2.
[11] Docket 36 (later stricken from the record per Docket 37).
[12] Docket 39.
[13] Docket 44.

Considering these facts, it would be impossible for this case to proceed given the absolute and long-term unexplained absence of the Plaintiff. Mr. Schneider has had many chances to take up his lawsuit again, or explain his delay, or ask for a specific continuance if necessary. He has not done so, electing instead to go silent.[14]

Therefore, in the interest of justice, Defendant's motion is GRANTED. This case is hereby DISMISSED pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 25th day of June, 2021, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[14] Perhaps Mr. Schneider has not received the Court's correspondence because he has moved, but Mr. Schneider is well aware of the importance and the process of notifying the Court of any change in his mailing address or phone number, having done so twice in 2019.